**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WARREN J. RILEY,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:20-cv-1100** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **DR. DIAZ,** *et al.,* | : | |
| **Defendants** | : | |

## MEMORANDUM

On June 20, 2020, *pro se* Plaintiff Warren J. Riley ("Plaintiff"), who is currently incarcerated at the State Correctional Institution Phoenix in Collegeville, Pennsylvania ("SCI Phoenix"), initiated the above-captioned action by filing a complaint pursuant to 42 U.S.C. § 1983 against Defendants Dr. Diaz ("Diaz"), Dr. John Lisiak ("Lisiak"), Richard Practitioner ("Richard"), Practitioner Gusitutt ("Gusitutt"), John Wetzel ("Wetzel"), John Kerestee ("Kerestee"), Nurse BarBab ("BarBab"), and Mahanoy Prison ("SCI Mahanoy"). (Doc. No. 1.) Plaintiff has also filed motions for leave to proceed *in forma pauperis*. (Doc. Nos. 6, 9.) Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the Court will perform its mandatory screening of the complaint. For the reasons set forth below, the Court will grant Plaintiff's motion to proceed *in forma pauperis* and dismiss the complaint with leave to amend.

---

[1] *See* The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

## I.  BACKGROUND

At the outset, the Court notes that Plaintiff's complaint is barely intelligible. Plaintiff's handwriting is difficult to read, and that fact is compounded by his inclusion of phrases written in the margins of his complaint.  Nevertheless, the Court discerns the following allegations from the complaint.

Plaintiff suggests that "these people are total[ly] against him." (Doc. No. 1 at 6.)  He alleges that Defendant BarBab administered an HIV test to him, told him that nothing was wrong, and told him to "get back on [his] crazy meds." (*Id.*)  Plaintiff indicates that finally found out "after all these years" that he has anal cancer.  (*Id.*) He also indicates that his penis is "yellow gold" and asks what that means.  (*Id.*) Plaintiff alleges that his brain is "now [blacking out] causing [him] to black out," and that he has "no want or need for food." (*Id.*)  He also mentions "pain in [his] body off and on and organs." (*Id.*)

Plaintiff asked for help and saw Defendant Lisiak.  (*Id.* at 7.)  He claims that he told Defendant Lisiak that he had HIV or cancer.  (*Id.*)  Plaintiff indicates that he was given a blood test and that he had blood clots the size of plums.  (*Id.*)  Plaintiff alleges that Defendant Lisiak thought that Plaintiff had "arson" and gave him Zantac. (*Id.*)  Plaintiff asked Defendants Lisiak and Richard if they were going to let him "rot away." (*Id.*)  They both said "yes" with devilish smiles. (*Id.*)

From the foregoing allegations, the Court construes Plaintiff's complaint as alleging Eighth Amendment claims regarding inadequate medical care.  As relief,

2

Plaintiff seeks "999 zillion" for deliberate indifference, "998 zillion" for negligence, and "997 zillion" for malpractice.  (*Id.* at 6.)

## II.    LEGAL STANDARD

### A.    Screening and Dismissal of Prisoner Complaints

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  If a complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," the Court must dismiss the complaint.  *See* 28 U.S.C. § 1915A(b)(1).  District courts have a similar screening obligation with respect to actions filed by prisoners proceeding *in forma pauperis* and prisoners challenging prison conditions.  *See* 28 U.S.C. § 1915(e)(2)(B) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted.").

A complaint is frivolous if it lacks an arguable basis either in law or fact.  *See Mitchell v. Horn*, 381 F.3d 523, 530 (3d Cir. 2003) (citing *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989)).  When deciding whether a complaint fails to state a claim

on which relief may be granted, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g., Smithson v. Koons*, No. 15-01757, 2017 WL 3016165, at \*3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. *See Iqbal*, 556 U.S. at 679; *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). However, the court must not

accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion:  (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief."  *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).  In addition, in the specific context of *pro se* prisoner litigation, a district court must be mindful that a document filed *pro se* is "to be liberally construed."  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers."  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle*, 429 U.S. at 106) (internal quotation marks omitted)).

### B.    Claims Filed Pursuant to 42 U.S.C. § 1983

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials.  *See* 42 U.S.C. § 1983.  The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of
> Columbia, subjects, or causes to be subjected, any citizen of the
> United States or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action
> at law, suit in equity, or other proper proceeding for redress.

*Id.* "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." *See Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Moreover, for a § 1983 claim to survive a motion to dismiss, the plaintiff must sufficiently allege that the defendant was personally involved in the act or acts that the plaintiff claims violated his rights. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Solan v. Ranck*, 326 F. App'x 97, 100 (3d Cir. 2009). Therefore, supervisors cannot be liable under § 1983 on the traditional standard of *respondeat superior*. *See Santiago*, 629 F.3d at 128. Instead, there are two theories of supervisory liability that are applicable to § 1983 claims: (1) "a supervisor may be personally liable under § 1983 if he or she participated in violating the

6

plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"; and (2) policymakers may also be liable under § 1983 "if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" *See A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004).

## III.   DISCUSSION

### A.   Plaintiff's Complaint

#### 1.   Claims Against SCI Mahanoy

As noted above, Plaintiff appears to name SCI Mahanoy as a Defendant in this matter.  A state prison, however, is not a "person" subject to suit under § 1983. *See Foye v. Wexford Health Sources Inc.*, 675 F. App'x 210, 215 (3d Cir. 2017); *Pettaway v. SCI Albion*, 487 F. App'x 766, 768 (3d Cir. 2012).  Accordingly, the Court will dismiss Plaintiff's claims against SCI Mahanoy.

#### 2.   Claims Against Defendants Diaz, Gusitutt, Wetzel, and Kerestee

Plaintiff also names Diaz, Gusitutt, Wetzel, and Kerestee as Defendants in the above-captioned case.  However, there are no averments related to them in the body of the complaint.  Thus, Plaintiff's claims against these individuals are subject to dismissal without prejudice for that reason alone.  *See Robinson v. Wheary*, No. 1:16-cv-2222, 2017 WL 2152365, at *1-2 (M.D. Pa. May 17, 2017) (dismissing

complaint pursuant to screening provisions of 28 U.S.C. § 1915(e)(2) where "the caption of the complaint names numerous individual defendants, [but] contains no well-pleaded factual averments relating to these specific defendants in the body of the complaint").

### 3.    Claims Against Defendants Lisiak, Richard, and BarBab

Eighth Amendment claims have both objective and subjective components. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  Serious hardship to the prisoner is required to satisfy the Eighth Amendment's objective component.  *Id.*  The subjective component is met if the person or persons causing the deprivation acted with "a sufficiently culpable state of mind."  *Id.*

The objective component of an Eighth Amendment medical care claim, *i.e.*, whether a plaintiff's medical needs were serious, has its roots in contemporary standards of decency.  *See Hudson v. McMillian*, 503 U.S. 1 (1992).  A medical need is serious if it is one that has been diagnosed by a physician as mandating treatment or is one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.  *Johnson v. Busby*, 953 F.2d 349, 351 (8th Cir. 1991); *Monmouth Cty. Corr. Institution Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987); *West v. Keve*, 571 F.2d 158, 162-63 n.6 (3d Cir. 1978).  The serious medical need element contemplates a condition of urgency, one that may produce death, degeneration, or extreme pain.  *See Lanzaro*, 834 F.2d at 347.

The Eighth Amendment "requires prison officials to provide basic medical treatment to those [individuals who are] incarcerated." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).  To establish a claim under § 1983 based on the Eighth Amendment, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need.  *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004), *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003); *Farmer*, 511 U.S. at 837.  Because only egregious acts or omissions can violate this standard, mere medical malpractice cannot result in an Eighth Amendment violation, nor can disagreements over a prison physician's medical judgment.  *White v. Napoleon*, 897 F.2d 103, 108-10 (3d Cir. 1990).  Thus, this standard "affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients.  Courts will 'disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment.'" *Little v. Lycoming Cty.*, 912 F. Supp. 809, 815 (M.D. Pa. 1996) (quoting *Inmates of Allegheny Cty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979)).

A complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  For example, "[a] medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.  At most it is medical malpractice."

9

*Id.* at 107.  "[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights."  *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990).  In sum, negligence, unsuccessful medical treatment, or medical malpractice do not give rise to a § 1983 cause of action, and inmate's disagreement with medical treatment is insufficient to establish deliberate indifference.  *See Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993).

In the instant case, the barely intelligible nature of Plaintiff's complaint leads the Court to conclude that he has not set forth plausible Eighth Amendment claims against Defendants BarBab, Lisiak, and Richard at this time.  As pled, Plaintiff's complaint at most sets forth a disagreement as to the care provided, and such disagreement is not sufficient to maintain an Eighth Amendment claim.  *See Davila v. United States*, No. 1:20-cv-763, 2020 WL 3172738, at *5 (M.D. Pa. June 15, 2020).  Accordingly, Plaintiff's claims against Defendants BarBab, Lisiak, and Richard will also be dismissed.

## B.    Leave to Amend

Courts are cautioned that because of the liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).  The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted).  The Court may

deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.* The Court must also determine that a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002).

Based on the foregoing, it would be futile to permit Plaintiff to amend his claims against SCI Mahanoy. However, it is neither clear that amendment would be futile, nor is there any basis to believe that amendment would be inequitable, with respect to Plaintiff's claims against the individual Defendants. Accordingly, Plaintiff will be granted leave to file an amended complaint with respect to those claims. Plaintiff is advised that the amended complaint must be complete in all respects. It must be a new pleading that stands by itself without reference to the original complaint or any other document. The amended complaint should set forth Plaintiff's claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Each paragraph should be numbered. It should specify which actions are alleged as to which defendants and sufficiently allege personal involvement of each defendant in the acts that he claims violated his rights. Mere conclusory allegations will not set forth a plausible claim. Moreover,

Plaintiff's amended complaint should be legible, and Plaintiff is advised to refrain from inserting phrases and sentences in the margins throughout his complaint.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's motions for leave to proceed *in forma pauperis* (Doc. Nos. 6, 9) and dismiss his complaint (Doc. No. 1) for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff will be given leave to file an amended complaint with respect to his Eighth Amendment claims against the individual Defendants. An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: July 23, 2020

12